IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION—COLUMBUS

| | |
|---|---|
| KARLA HOOK, on behalf of herself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>RETRIEVAL-MASTERS CREDITORS BUREAU, INC. d/b/a AMERICAN MEDICAL COLLECTION AGENCY,<br><br>Defendant. | )<br>)<br>)<br>)<br>) Civil Action No.: 2:14-cv-339<br>)<br>) **JURY TRIAL DEMANDED**<br>)<br>)<br>)<br>) **CLASS ACTION COMPLAINT**<br>)<br>) |

## NATURE OF ACTION

1. Plaintiff Karla Hook ("Plaintiff") brings this class action under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), as the acts and transactions giving rise to Plaintiff's claims occurred in this district, Plaintiff resides in this district, and Defendant transacts business in this district.

## PARTIES

4. Plaintiff Karla Hook ("Plaintiff") is a natural person who at all relevant times resided in the State of Ohio, County of Licking, and City of Pataskala.

1

5. Plaintiff is obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due, a creditor other than Defendant Retrieval-Masters Creditors Bureau, Inc. d/b/a American Medical Collection Agency ("Defendant").

6. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due, a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes, namely, personal medical services (the "Debt").

7. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

8. Defendant is an entity that at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

9. Defendant is a New York corporation, and may be served through its registered agent, CT Corporation System, 1300 East Ninth Street, Cleveland, Ohio 44114.

10. Defendant does business as American Medical Collection Agency, or AMCA.

11. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

12. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

**FACTUAL ALLEGATIONS**

13. On September 18, 2013, in connection with the collection of the alleged Debt, Defendant sent Plaintiff a written communication referencing account number ending in -1170.

A true and correct copy of the September 18, 2013 written communication is attached hereto as Exhibit A.

14. The September 18, 2013 communication was the initial communication sent by Defendant to Plaintiff regarding the Debt.

15. The September 18, 2013 communication stated that Plaintiff's balance of $83.00 "is now significantly past due." *See* Ex. A at 1.

16. The September 18, 2013 communication directed Plaintiff to "SEE REVERSE SIDE FOR IMPORTANT INFORMATION." *See* Ex. A at 1.

17. The reverse side of the September 18, 2013 communication stated: "This is an attempt to collect a debt. Any information obtained will be used for that purpose. This communication is from a debt collector." *See* Ex. A at 2.

18. Then, Defendant provided the disclosures required by 15 U.S.C. § 1692g:

> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days after receiving this notice, that the debt or any portion thereof is disputed, this office will: obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

19. On October 14, 2013, less than 30 days after its initial communication to Plaintiff, Defendant sent Plaintiff a subsequent written communication in connection with the collection of the alleged Debt. A true and correct copy of the October 14, 2013 written communication is attached hereto as Exhibit B.

20. Like the September 18, 2013 communication, Defendant's October 14, 2013 communication also referenced account number ending in -1170, and was for the same purported Debt, in the same amount. *See* Ex. B.

21. The October 14, 2013 communication stated:

> Since we have not received your payment or explanation as to why payment wasn't made, we must assume the debt in question is correct. Now your account has been classified as a <u>valid and undisputed</u> and subject to collection in full.

22. That is, despite the fact that Plaintiff had 30 days from receipt of the September 18, 2013 communication within which to dispute the Debt, Defendant's October 14, 2013 communication stated that Plaintiff's account was "<u>valid and undisputed</u> and subject to collection in full." *See* Ex. B. (emphasis in original).

23. The effect of the October 14, 2013 communication was to cause the least-sophisticated consumer to waive, or believe the consumer did not have, the rights afforded under 15 U.S.C. § 1692g.

24. Defendant sent additional written communications to Plaintiff on November 11, 2013 and December 9, 2013 in an attempt to collect the Debt.

25. Upon information and belief, Defendant regularly truncates the amount of time consumers have to dispute debts and/or classifies debts as "valid and undisputed" prior to the expiration of the 30-day dispute window specified under 15 U.S.C. § 1692g.

**CLASS ALLEGATIONS**

26. Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a), and (b) on behalf of herself and a class defined as follows:

> All persons located in Ohio to whom Retrieval-Masters Creditors Bureau, Inc. sent, within one year before the date of this complaint, an initial written communication in an attempt to collect a consumer debt, and then, less than 30 days thereafter, sent a second written communication that stated: "Since we have not received your payment or explanation as to why payment wasn't made, we must assume the debt in question is correct. Now your account has been classified as a <u>valid and undisputed</u> and subject to collection in full."

4

27. Excluded from the class is Defendant, the officers and directors of Defendant, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

28. Upon information and belief, Defendant sends a large number of written communications to consumers as part of its business practice, in connection with its attempts to collect consumer debts. To be sure, Defendant touts on its web site that: "Since AMCA was founded, we have been the leader in providing quality debt recovery solutions to healthcare providers across the United States. Throughout the years AMCA has established a record of excellence in fulfilling the unique and expanding debt requirements of our clients. We specialize in recovering healthcare related bad debt!" *See* http://www.amcaonline.com/index.html (last visited April 7, 2014).

29. The proposed class is so numerous that joinder of all members is impracticable. The exact number of members of the class is unknown to Plaintiff at this time and can only be ascertained through appropriate discovery. The proposed class is ascertainable in that, and upon information and belief, the names and addresses of all members of the class can be identified in business records maintained by Defendant.

30. Plaintiff's claims are typical of the claims of the members of the class because Plaintiff and all class members' claims originate from the same conduct, practice and procedure on the part of Defendant, and Plaintiff possesses the same interests and has suffered the same injuries as each class member.

31. Plaintiff will fairly and adequately protect the interests of the members of the class and has retained counsel experienced and competent in class action litigation. Plaintiff has

5

no interests that are contrary to or in conflict with the members of the class that Plaintiff seeks to represent.

32. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since, upon information and belief, joinder of all members is impracticable. Furthermore, as the damages suffered by individual members of the class may be relatively small, the expense and burden of individual litigation make it impracticable for the members of the class to individually redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

33. Issues of law and fact common to the members of the class predominate over any questions that may affect only individual members, in that Defendant has acted on grounds generally applicable to the class. Among the issues of law and fact common to the class are:

a) Defendant's violations of the FDCPA;

b) Defendant's practice of overshadowing and rendering ineffective the disclosures required by 15 U.S.C. § 1692g;

c) the existence of Defendant's identical conduct particular to the matters at issue;

d) the availability of statutory penalties; and

d) the availability of attorneys' fees and costs.

34. Absent a class action, Defendant's violations of the law will be allowed to proceed without a full, fair, judicially supervised remedy.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692e(2)(A)

35. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-34 above.

36. 15 U.S.C. §1692e provides:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

* * *

2) The false representation of --

(A) the character, amount, or legal status of any debt.

37. In its October 14, 2013 communication, Defendant falsely stated the legal status of Plaintiff's alleged Debt by stating that the Debt was "<u>valid and undisputed</u>" when, in reality, the window for Plaintiff to dispute the Debt had not closed.

38. As such, Defendant violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of Plaintiff's alleged debt.

### COUNT II: VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692e(10)

39. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-34 above.

40. 15 U.S.C. §1692e(10) provides:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

* * *

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

41. In its October 14, 2013 communication, Defendant falsely stated that Plaintiff's alleged Debt was "<u>valid and undisputed</u>" when, in reality, the window for Plaintiff to dispute the Debt had not closed. Thus, and contrary to Defendant's representation, Plaintiff's Debt could

not be considered "valid and undisputed" at the time of Defendant's October 14, 2013 communication to Plaintiff because such communication was sent less than 30 days after Defendant's initial September 18, 2013 communication to Plaintiff.

42. As such, Defendant violated 15 U.S.C. § 1692e(10) by using a false representation or deceptive means to collect or attempt to collect any debt.

### COUNT III: VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692g

43. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-34 above.

44. 15 U.S.C. §1692g provides:

(a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

(b) If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof,

until the debt collector obtains verification of the debt or any copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.

(c) The failure of a consumer to dispute the validity of a debt under this section may not be construed by any court as an admission of liability by the consumer.

45. The manner in which Defendant conveyed the validation notice required by 15 U.S.C. §1692g was ineffective as the October 14, 2013 communication to Plaintiff overshadowed, contradicted, or was inconsistent with the disclosures required by 15 U.S.C. §1692g and which were conveyed in Defendant's September 18, 2013 communication.

46. Specifically, by falsely informing Plaintiff via its October 14, 2013 communication that Defendant considered the Debt to be "<u>valid and undisputed</u>" when, in reality, the window for Plaintiff to dispute the Debt had not closed, Defendant overshadowed and rendered ineffective Defendant's notice under 15 U.S.C. §1692g contained in its September 18, 2013 communication, which provides that a consumer may dispute the validity of the debt within 30 days after receipt of the initial written communication.

47. Moreover, the October 14, 2013 communication would cause the least-sophisticated consumer to waive, or believe she did not have, the rights afforded under 15 U.S.C. §1692g.

48. As a result, Defendant violated 15 U.S.C. §1692g.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a) Determining that this action is a proper class action and designating Plaintiff as class representative under Rule 23 of the Federal Rules of Civil Procedure;

b) Adjudging and declaring that Defendant violated 15 U.S.C. § 1692e(2)(A), 15 U.S.C. § 1692e(10), and 15 U.S.C. § 1692g;

c) Awarding Plaintiff and members of the class statutory damages, under 15 U.S.C. § 1692k;

d) Awarding Plaintiff and members of the class their reasonable attorneys' fees and costs incurred in this action under Rule 23 and 15 U.S.C. § 1692k;

e) Awarding Plaintiff and members of the class pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

**TRIAL BY JURY**

Plaintiff is entitled to and hereby demands a trial by jury.

Dated: April 11, 2014
/s/ Ronald S. Weiss
Ronald S. Weiss
Law Offices of Ronald S. Weiss
Ohio Bar No. 0076096
7035 Orchard Lake Road, Suite 600
West Bloomfield, MI 48322
Telephone: (248) 737-8000
Facsimile: (248) 737-8003
RWeiss@OhioLemonAuto.com

Michael L. Greenwald*
Greenwald Davidson PLLC
5550 Glades Road, Suite 500
Boca Raton, FL 33431
Telephone: (561) 826-5477
Facsimile: (561) 961-5684
mgreenwald@mgjdlaw.com

Counsel for Plaintiff and the proposed Class

* to seek admission *pro hac vice*